IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VALLEY VIEW ANGUS RANCH, INC., an Oklahoma corporation, and OTIS CULPEPPER, an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Case No. CIV-04-0191-F |
| DUKE ENERGY FIELD SERVICES, LP, a Delaware limited partnership, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

Before the court is defendant's motion for attorney's fees and litigation expenses (doc. no. 95), filed on December 6, 2005.  By this order, the court does not address the merits of the fee and expense motion.  The court desires, rather, to address the matters set forth below.

The court notes from plaintiffs' objection to the motion (doc. no. 109) that plaintiffs request that the court defer consideration of defendant's motion until after the anticipated appeal has been completed.  Plaintiffs note that the imposition of an award of fees and costs in excess of $200,000 "would be crippling to the plaintiffs."  Objection, at 3.  Plaintiffs state that such an award would drive them into bankruptcy and would likely lead to the forced sale of Valley View's land.  *Id.* In response, defendant states, in substance, that if plaintiffs' financial situation is as precarious as they assert, then it is even more important that assessment of fees and costs not be delayed.  Defendant's reply (doc. no. 115), at 3.

The court is in sympathy with the positions of both parties.  The court desires to protect the interests of both the plaintiffs and the defendant to the extent

reasonably possible.  On one hand, it would seem unjust to impose a potentially ruinous fee and cost assessment on the plaintiffs, only to have the judgment reversed on appeal.  On the other hand, if there is in fact good reason for defendant to feel insecure about collection prospects now and in the future, it would make sense to put the defendant in a position to protect its collection prospects, and to do so without delay.

The court is inclined to consider deferring imposition of an assessment of fees and costs if some showing can be made that, at least to some degree, the defendant's collection prospects can be protected.[1]  Accordingly, the plaintiffs are directed to file, not later than 14 days from the date of this order, a statement advising the court as to whether the plaintiffs would be financially able to post an undertaking, in the form of a surety bond or a letter of credit from a financial institution insured by the FDIC, in the amount of $100,000, to at least partially secure a post-appeal recovery of fees and costs.

DATED March 6, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0191p006.wpd

---

[1] Defendant should note, however, that its application for fees will be unavailing if it persists in its refusal to produce actual billing records.  (*See,* Robertson December 15, 2005 letter to Johnston, attached to plaintiffs' surreply, doc. no. 119, as Ex. 4.)  The passage from Praseuth v. Rubbermaid, Inc., 406 F.3d 1245 (10th Cir. 2005) (per Friot, J., sitting by designation) relied upon by Ms. Robertson in her December 15 letter does not support the proposition that billing records are irrelevant to a fee application.  *See,* Cauthron, Proving Attorneys' Fees in Federal Court, 61 Okla. B.J. 2813 (1990).