# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VALLEY VIEW ANGUS RANCH, INC., an Oklahoma corporation, and OTIS CULPEPPER, an individual, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CIV-04-0191-F ) |
| DUKE ENERGY FIELD SERVICES, LP, a Delaware limited partnership, | ) ) ) |
| Defendant. | ) |

## ORDER

### Plaintiffs' Motion for Relief from Judgment

"Plaintiff's Motion for Relief from Judgment," filed March 7, 2006, is before the court. (Doc. no. 123.) Defendant has responded, and the motion is ready for determination.

When Judge Ralph G. Thompson recused from this case, he stated that "it would appear entirely reasonable for any party to request the successor judge to consider anew any order of this court issued since May 16, 2005." (Judge Thompson's letter of February 3, 2006.) Availing themselves of, plaintiffs filed the instant motion, requesting that the undersigned judge, as the successor judge, reconsider two orders entered by Judge Thompson.

The two orders in question are Judge Thompson's Order of November 22, 2005, which granted summary judgment to defendant Duke Energy Field Services, LP, and Judge Thompson's order of January 10, 2006, which denied plaintiffs' motion to vacate the summary judgment order of November 22, 2005. Although the parties'

briefs debate the propriety and grounds for a successor judge to review the orders of a judge who has recused or should have recused, a district court always has the discretion to reconsider one of its prior orders. *See*, Above The Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) (although not mentioned in the Federal Rules of Civil Procedure, motions to reconsider are not uncommon in federal practice and are appropriate in certain circumstances). Here, Judge Thompson has, essentially, already exercised his discretion and granted in advance plaintiffs' motion for reconsideration of the subject orders.[1]

Accordingly, the court has reviewed *de novo* Judge Thompson's orders of November 22 and January 10. Having done so, the court finds and concludes that it agrees with Judge Thompson's determination that the doctrines of issue preclusion and claim preclusion each bar this action. This court further finds and concludes that in light of Judge Thompson's thorough treatment of the issues in the two subject orders, no purpose would be served by offering any further analysis here, except to elaborate briefly on one point (in the footnote to this text) which Judge Thompson's orders do not appear to cover explicitly.[2]

---

[1] Even without Judge Thompson's directive, reconsideration would be appropriate as review intended to uphold the public's confidence in the judicial process. *See*, Liljeberg v. Health Services Acquisition Corp, 486 U.S. 847, 864 (1988) (three factors should be considered in determining whether to grant relief for reviewing judgments under Rule 60(b)(6), when judgments have been entered by judges subject to disqualification under 28 U.S.C. §455(b)). *See also*, Harris v. Champion, 15 F.3d 1538, 1571 (10th Cir. 1994) (adopting Liljeberg analysis). As to the first factor, here there is limited risk of an injustice to the parties because the points which plaintiffs raise as errors of law in their motion will be reviewed *de novo* by the circuit court on appeal. As to the second factor, plaintiffs state that there is little likelihood that the disposition of this case will produce an injustice in other cases. As to the third factor, the court finds that there is a risk of undermining the public's confidence in the judicial process, absent reconsideration, although this risk is minimal given the attenuated connection between Judge Thompson and the stock holdings which caused him to recuse, and given plaintiffs' statement that they "would never believe that ownership of a modest amount of Duke stock would influence Judge Thompson's deliberations in this case in any way." (Moving brief, pp. 3-4.)

[2] In addition to the various, alternative determinations stated by Judge Thompson (such as (continued...)

Accordingly, after consideration of the parties' submissions, the relevant authorities, and the record (including all of the documents identified by plaintiffs as pertinent, doc. nos. 46, 54, 77, 82, 90, 94, 99, 101), the court finds and concludes that there is no reason to vacate or reverse either of the two orders entered by Judge Thompson which are the subject of this motion.

## Conclusion

"Plaintiffs' Motion for Relief from Judgment" is **GRANTED** to the limited extent that the court has agreed to reconsider the two orders identified by the plaintiffs. Having conducted that review, plaintiff's motion is **DENIED** in all other respects. Judge Thompson's orders of November 11, 2005, and January 20, 2006, and the court's Judgment of November 22, 2005, stand as entered.

Dated this 17th day of April, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0191p007(pub).wpd

---

[2](...continued)
those at pp. 6-7 of his November 22 order granting Duke summary judgment), one more alternative ground for Judge Thompson's conclusion that the instant action is precluded by the doctrines of issue preclusion and claim preclusion is the fact that the issue which is presented in the instant action was argued and decided by the state court during summary judgment proceedings in that court. That issue is whether Duke breached the easement agreement by allowing the pipeline leak and thereby damaging plaintiffs. As an alternative finding to Judge Thompson's finding that the *jury* in the state court action rejected Valley View and Culpepper's defense that Duke had breached the easement agreement, this court finds that if the jury did not adjudicate that issue, the state court judge adjudicated that issue, either implicitly or expressly (he did not issue a written order), when he granted (in part) Duke's motion for partial motion for summary judgment. (See Valley View's and Culpepper's motion to vacate before Judge Thompson, at doc. no. 94, pp. 9-10, outlining history of state court summary judgment arguments and proceedings; and see Duke's arguments in its response to Valley View's and Culpepper's motion to vacate, at doc. no. 99, p.5.)