IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VALLEY VIEW ANGUS RANCH, an Oklahoma corporation, and OTIS CULPEPPER, )))) | |
| Plaintiffs, )) | |
| vs. ) | NO. CIV-04-191-D |
| DUKE ENERGY FIELD SERVICES, LP., ))) | |
| Defendant. ) | |

ORDER

Before the Court is the Motion for Summary Judgment of Defendant Duke Energy Field Services, LP. ("Duke") [Doc. No. 46]. One of the arguments asserted in the Motion has previously been addressed, as the Court granted the motion on the grounds that this action is barred by issue and claim preclusion; however, that ruling was reversed by the Tenth Circuit Court of Appeals, and the case was remanded for further proceedings in this Court. *Valley View Angus Ranch, Inc. and Otis Culpepper vs. Duke Energy Field Services, LP.*, 497 F.3d 1096 (10th Cir. 2007). The Court's previous order based on preclusion did not address the additional arguments asserted by Duke in its Motion. Accordingly, those arguments remain before the Court[1] and are addressed herein.

Duke's additional arguments in support of summary judgment are: 1) Plaintiff Otis Culpepper ("Culpepper") is not a real party in interest and cannot pursue the claims he asserts in this action; 2) Plaintiff Valley View Angus Ranch, Inc. ("Valley View") is a corporation which cannot recover damages for personal annoyance, discomfort or inconvenience; 3) Plaintiffs cannot recover

---

[1]Plaintiffs' Motion for Partial Summary Judgment [Doc. No. 47] also remains pending, along with several motions in limine and other pretrial motions. Those motions will be addressed in separate orders.

on an unjust enrichment claim; and 4) there is no evidence to support recovery of punitive damages. Plaintiffs timely responded to the motion, Duke filed a reply brief, and Plaintiffs filed a sur-reply brief.

Summary judgment standard:

Summary judgment may be granted where the undisputed material facts establish that one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). To avoid summary judgment, Plaintiffs must present more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict for the non-moving party." *Id.* The facts in the record and reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party. *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, the defendant is entitled to judgment on that cause of action. *Celotex*, 477 U.S. at 322.

Undisputed material facts :

Plaintiffs brought this action to recover damages resulting from a leak in a pipeline underlying Valley View's 450-acre ranch in Grady County, Oklahoma. Duke owns and operates a gas pipeline which runs through the property. The parties' respective statements regarding the material facts relevant to the remaining issues in this motion and the record submitted by the parties reflect that certain issues are not disputed[2].

The parties do not dispute that Valley View owns the property at issue and that Culpepper is

---

[2] As noted herein, the parties' recent proposed Final Pretrial Report suggests that some of the issues raised in Duke's motion may no longer be disputed. However, the Court has addressed each of these contentions.

the president, sole director, and sole shareholder of Valley View. The property was previously owned by Culpepper's father-in-law; at his death in 1975, it was conveyed to Valley View and has been owned by the corporation since that time. The parties agree that the pipeline underlying the property is part of the Chitwood Gas Gathering System ("Chitwood System"), which was acquired by Duke in 1996.[3] The source of the leak is a two-inch pipeline[4].

It is not disputed that, on October 30, 2003, Culpepper notified Duke that he had discovered what he believed to be hydrocarbons on the surface of the property; Duke representatives immediately went to the location. *See* Culpepper dep., Duke Ex. 2, pp. 10 and 17-18. Because it was dark, Duke's representatives were unable to examine the property at that time; they returned the following morning and began excavating soil to determine the source of the leak. *Id.*, pp. 20-21. Later that day, Duke determined that the source of the leak was corrosion of the idled two-inch line; Culpepper and Valley View were notified. Culpepper dep., Duke Ex. 2, pp. 23-25. In December of 2003, Duke submitted a work plan to the Oklahoma Corporation Commission for further investigation of the property.

In January 2004, Duke notified Culpepper and Valley View that it intended to install three monitoring wells on the property. Culpepper dep., Duke Ex. 2, p. 30-31. When Duke's representatives arrived at the site, Culpepper and Valley View refused to allow them to access the property. *Id.* at pp. 40-42. Duke then filed an action in the District Court of Grady County,

---

[3]*At the time of the acquisition, Duke was known as PanEnergy Field Services, Inc. At the time the leak was discovered in October of 2003, Duke's name was Duke Energy Field Services, Inc. It has undergone several name changes since that time; at the time this lawsuit was filed, it was known as Duke Energy Field Services, LP. However, its current name is DCP Midstream, LP.*

[4]*Duke contends that the two-inch line was idled at the time Duke acquired the Chitwood System; however, Plaintiffs dispute this contention and argue that there is evidence to the contrary.*

Oklahoma, and obtained a temporary restraining order preventing Valley View from interfering with Duke's easement [5]. Prior to filing an answer in the Grady County case, Valley View and Culpepper filed this action seeking damages based on the gas line leak under theories of trespass, nuisance, and unjust enrichment.

Whether Culpepper is a real party in interest:

Duke argues that it is entitled to judgment on the claims asserted by Culpepper because he does not own the property which was allegedly damaged and, as a result, cannot recover damages based on the theories of trespass or nuisance. As Duke points out, the Federal Rules of Civil Procedure provide that every action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(A). The real party in interest "is the one who, under applicable substantive law, has the legal right to bring suit." *Federal Deposit Ins. Corp. v. Gelderman, Inc.*, 975 F.2d 695, 698 (10th Cir. 1992). Where, as here, jurisdiction is based on diversity of citizenship, "the forum state's substantive law determines whether a party is the real party in interest." *United States Cellular Inv. Co. v. Southwestern Bell Mobil Systems, Inc.*, 124 F.3d 180, 182 (10th Cir. 1997). As Duke points out, under Oklahoma law, a shareholder cannot directly maintain a suit to redress wrongs done to the corporation. *See Jacob Management Corp. v. Federal Insurance Co. v. Downing*, 9 P.3d 92, 94 (Okla. Civ. App. 2000), *citing Barnett v. Bodley*, 348 P.2d 502, 505 (Okla. 1959); *Wittenberg v. Fidelity Bank*, 844 P.2d 155, 158 (Okla. 1992).

In this case, it is undisputed that Valley View, a corporation, owns the property which is the subject of Plaintiffs' claims and that Culpepper is a shareholder of the corporation. Duke argues

---

[5]*Several months later, the temporary restraining order was vacated and Duke's request for an injunction was denied by the state court. Duke later was granted partial summary judgment in that action, and the case proceeded to trial. Duke was awarded judgment on its claim that Valley View violated its duties under the easement by refusing Duke access to the property; it received $1,800 in damages.*

that, as a result, Culpepper cannot pursue claims on behalf of Valley View.

In response, Plaintiffs argue that Duke misconstrues Culpepper's claims because he does not seek damages for the alleged injury to the property; rather, his claim is limited to damages for the tortious infringement of his right to use and enjoy the property. Plaintiffs contend that Culpepper, as a person in possession of the property, can recover damages for the "annoyance, discomfort and inconvenience that he personally has suffered." Plaintiffs' Response Brief, p. 17. Plaintiffs rely on several Oklahoma decisions which hold that an individual having possession of property which he does not own may recover damages for his inconvenience, annoyance and discomfort resulting from damage to that property. *See Truelock v. City of Del City*, 967 P.2d 1183, 1187 (Okla. 1998) (*citations omitted*). Noting that its prior decisions had repeatedly held that damages for annoyance, discomfort and inconvenience are personal injury damages, the Court in *Truelock* held that those decisions "make inescapable" the conclusion that the cause of action "is separate and distinct" from the cause of action for damages to property, "although the right to both may arise in a suit for nuisance." *Id.* Plaintiffs also rely on *Nichols v. Mid Continent Pipe line Co.*, 933 P.2d 272 (Okla. 1996). In *Nichols*, the plaintiffs operated a cattle ranch on land allegedly damaged by an oil spill; they did not own the property and did not maintain a residence there, but were sublessees of the property. According to the court, the sublessees could maintain a cause of action for nuisance; although they could not recover damages for injury to the land itself, they could seek damages for personal harm, if they could show that such harm was caused by the oil spill. 933 P. 2d at 277. In reaching that conclusion, the court adopted the Restatement (Second) of Torts § 821D which provides that, in a private nuisance action, one in possession of the land may recover damages for interference with his possessory interest in the land. According to the court, both the Restatement and prior

Oklahoma law "clearly allow a private nuisance claimant to recover for *personal harm,* inconvenience and annoyance incidental to another's interference with the possessory interest in land." *Id.*  The Court defined a possessor of land as "a person who is in occupation of the land with intent to control it" or who has "a physical relation to the land of a kind which gives a certain degree of physical control over the land, and an intent so to exercise such control as to exclude other members of society in general from any present occupancy of the land." *Nichols*, 967 P2d at 276 n. 12.

In this case, the undisputed facts establish that the property at issue was owned by Culpepper's family and was conveyed to Valley View.  Culpepper states that, although he does not reside on the property, he has continuously used it for hunting, fishing, and other recreational activities; he is not required to obtain authorization from Valley View before using the property. *See* Plaintiffs' Response to Interrogatory No. 4, Plaintiffs' Ex. 3.  In addition, Culpepper states that he personally cares for the property, including repairing fences and otherwise maintaining the property; he has prevented others from entering the property, and has contacted the sheriff to report trespassers. *Id.*  Culpepper contends that these undisputed facts establish that he can pursue a tort claim under Oklahoma law based on the alleged interference with his possessory rights in the property and that such claim is independent of Valley View's claim for damages resulting from the alleged damage to the land.

Duke argues that *Nichols* is distinguishable from this case because, unlike the plaintiffs in that case, Culpepper is the president, director and sole shareholder of Valley View, the corporation that owns the property.  According to Duke, under these facts, Culpepper's claim is not separate from that asserted by Valley View.

Having reviewed the authorities submitted by the parties, the Court concludes that this matter cannot properly be adjudicated at this time. While Oklahoma law provides that one having only a possessory interest in property may seek damages for loss of his use or enjoyment of that property, Culpepper's status as the sole shareholder of Valley View renders his circumstances different from those in *Nichols.* The Court has located no Oklahoma authority addressing a factual circumstances in which a sole shareholder of a corporation owning the property asserted a personal claim independent of the corporation's claim for property damage.

The Court concludes that whether the claim and resulting damages asserted by Culpepper are in fact separate and distinct from Valley View's alleged injury and damages is an issue that must be decided at trial. To avoid a duplication of damages for the same injury, the evidence must show that Culpepper's claimed harm is separate and distinct from that of Valley View. *See, e.g., Ward Petroleum Corp. v. Stewart*, 64 P.3d 1113 (Okla. 2003). Where claims are brought on behalf of a corporation and its shareholders, whether individual shareholders suffered harms separate from that of the corporation is a question to be determined upon consideration of the evidence at trial. *See P.E.A.C.E. Corporation v. Oklahoma Natural Gas Co.,* 568 P.2d 1273, 1278-79 (Okla. 1977).

Accordingly, the Court concludes that, under Oklahoma law, the issue raised by Duke's motion cannot be determined at this stage, but must be decided at the appropriate time at trial. For that reason, the motion is denied.

<u>Valley View's alleged damages for annoyance and inconvenience:</u>

Duke next argues that Valley View, as a corporation, cannot recover damages for personal annoyance, discomfort and inconvenience. In their response brief, Plaintiffs do not address this contention. Instead , they argue that these damages are sought only by Culpepper and not by Valley

View. Duke is correct in its contention that such damages cannot be recovered by Valley View. However, Plaintiffs concede that such damages are not sought by Valley View and that only Culpepper asserts this cause of action. The proposed Final Pretrial Report of the parties is consistent with Plaintiffs' position, as it does not include a claim for personal annoyance, discomfort and inconvenience damages on behalf of Valley View. Accordingly, this issue is moot.

Plaintiffs' unjust enrichment theory of recovery:

Duke also argues that Plaintiffs cannot, as a matter of law, recover on their theory of unjust enrichment. As Duke notes, to recover on such a claim, Plaintiffs must show both that Duke was benefitted from the facts on which this action is based and that the benefit derived by Duke resulted in some sort of detriment to the Plaintiffs. *See, e.g., N.C. Corff Partnership, Ltd. v. Oxy USA, Inc.*, 929 P. 2d 288, 295 (Okla. Ct. App. 1996). Thus, a plaintiff must show that the defendant either retained a benefit or avoided an expense and that, as a result, the plaintiff suffered a detriment. *Id., citing Teel v. Public Serv. Co. of Oklahoma,* 767 P.2d 391, 398 (Okla. 1985) (*superseded by statute on other grounds*). In this case, Duke points out, there is no evidence that the pipeline break resulted in a benefit to Duke; there is no evidence that it has retained a benefit or avoided an expense.

Plaintiffs do not address this argument in their response to the Motion. The proposed Final Pretrial Report submitted by the parties does not include a claim based on unjust enrichment; therefore, this issue is also moot. In any event, there is no evidence before the Court which would support recovery based on an unjust enrichment theory.

Plaintiffs' claim for punitive damages:

Duke argues that the undisputed material facts in the record establish that there is no evidence to support an award of punitive damages in this case. Plaintiffs' basis for seeking such damages is

8

their contention that Duke recklessly disregarded the Plaintiffs' rights by failing to maintain the pipeline system, failing to discover the leak in the pipeline at an earlier time, and delaying action to minimize the damage to the property.

As Duke argues, to recover punitive damages, Plaintiffs must show, by clear and convincing evidence, that Duke was guilty of reckless disregard for the rights of Plaintiffs. Okla. Stat. tit. 23 § 9.1. Duke contends that the record establishes that it was not aware of the pipeline leak until Culpepper contacted Duke. It further argues that the evidence shows that Duke did not know that the two-inch line in which the leak occurred remained connected to an active portion of the Chitwood Gas Gathering System prior to the time that the leak was discovered. Duke also argues that the evidence in the record is sufficient to establish that, once it was notified that a leak occurred, it took prompt action to investigate and took action to avoid further damage. As Duke argues, the facts establish that Culpepper refused to allow Duke access to the property to drill monitoring wells, and Duke was required to file the Grady County action to obtain access.

In response, Plaintiffs argue that there is sufficient evidence in the record to create a factual dispute regarding the recovery of punitive damages. Plaintiffs contend that the deposition testimony of Duke's field personnel establishes that Duke was aware that the two-inch line remained connected to the Chitwood Gas Gathering System. Plaintiffs further argue that Duke knew about a previous leak occurring on other property which also connected to that gathering system. Plaintiffs contend that Duke did not take adequate action to inspect the property. With respect to Culpepper's refusal to grant access to Duke to drill the monitoring wells, Plaintiffs argue that Culpepper did not do so only because Duke had declined to inform him of the exact locations of the proposed wells.

The Court has reviewed the evidence submitted by the parties and concludes that the evidence

reflects a material factual dispute regarding the propriety of punitive damages in this case. Based on the parties' briefs and exhibits, the Court finds that the evidence in support of punitive damages, although somewhat limited, constitutes "more than a scintilla" of evidence and is thus sufficient to avoid summary judgment. *See Anderson,* 477 U.S. at 247-48. Before instructing the jury on the issues to be determined, the Court will carefully consider the evidence at trial to determine whether there is sufficient evidence from which a jury could find, by clear and convincing evidence, that Duke acted with reckless disregard for Plaintiffs' rights. At this time, however, Duke's motion must be denied as to this issue.

Conclusion:

For the foregoing reasons, summary judgment on the remaining issues in Duke's motion [Doc. No. 46] is DENIED. As noted herein, however, the Court will reconsider the issue of Culpepper's claim for damages based on his alleged possessory interest in the property and the issue of punitive damages at the close of the evidence and determine at that time whether there is sufficient evidence to submit either of these claims to the jury.

IT IS SO ORDERED this 25th day of April, 2008.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE