IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VALLEY VIEW ANGUS RANCH, an Oklahoma corporation, and OTIS CULPEPPER, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) NO. CIV-04-191-D ) |
| DUKE ENERGY FIELD SERVICES, LP., | ) ) ) |
| Defendant. | ) |

ORDER

Before the Court is the Motion for Partial Summary Judgment [Doc. No. 47] of Plaintiffs Valley View Angus Ranch ("Valley View") and Otis Culpepper ("Culpepper"). Defendant Duke Energy Services, LP. ("Duke") has filed a response, and Plaintiffs have filed a reply brief. Also before the Court is Duke's Motion to Strike [Doc. No. 52] certain materials submitted as exhibits to Plaintiffs' Motion. Both motions are addressed herein.

Plaintiffs brought this action to recover damages resulting from a leak in a pipeline underlying Valley View's 450-acre ranch in Grady County, Oklahoma. Culpepper is the president of Valley View and is also its sole director and shareholder. Duke owns and operates a gas pipeline which runs through the property.

In their Motion, Plaintiffs seeks judgment on the issue of liability, contending that the undisputed facts entitle them to judgment as a matter of law; they also seek judgment on Duke's affirmative defenses of waiver, estoppel, and failure to mitigate damages.

Summary judgment standard of review:

Summary judgment may be granted where the undisputed material facts establish that one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). Where the undisputed material facts establish that a party is unable to establish the essential elements of a claim on which it bears the burden of proof, summary judgment is proper. *Celotex*, To avoid summary judgment, the nonmoving party must present more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict for the non-moving party." *Id.* When reviewing a motion for summary judgment, the Court must construe the facts in the record and the reasonable inferences therefrom in the light most favorable to the nonmoving party. *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005).

Undisputed material facts:

In this case, the primary focus of Plaintiffs' argument is the contention that Duke is liable to one or both of the Plaintiffs based on a theory of nuisance or trespass. In its response brief, however, Duke notes that it does not dispute the fact that the pipeline it operated caused a leak of hydrocarbons underlying the property owned by Valley View. Duke argues that the issue to be decided is not whether it is liable but whether Plaintiffs are entitled to recover damages on any of the theories of recovery on which they rely. Therefore, according to Duke, liability should not be the subject of a motion for summary judgment because liability is not at issue.

The Court has reviewed the parties' pleadings and concludes that, as Duke states in its response brief, the fact that there was a leak of hydrocarbons on Valley View's property and that the leak originated in a pipeline operated by Duke is not at issue. The questions to be decided are

limited to whether that occurrence constituted a trespass or nuisance for which Plaintiffs may recover damages and, if so, whether Plaintiffs may recover damages under either theory. These issues clearly present factual disputes which must be resolved by a jury. To the extent that Plaintiffs' motion seeks a ruling that Duke is liable because there was a pipeline leak, the motion is denied as moot. To the extent that Plaintiffs seek a ruling that they have, as a matter of law, been damaged as a result of the pipeline leak, the motion must be denied because the record reflects material fact disputes which preclude judgment.

Plaintiffs also seek judgment on the affirmative defenses asserted by Duke. These arguments, and the undisputed material facts applicable to each defense, are discussed as follows.

<u>Affirmative defense of failure to mitigate damages:</u>

Duke contends that Plaintiffs have failed to mitigate their damages resulting from the pipeline leak. Duke's primary argument is that, by denying Duke access to the property, Plaintiffs interfered with and delayed Duke's remedial efforts.

The record before the Court establishes that it is undisputed that on October 30, 2003, Culpepper notified Duke that he had discovered what he believed to be hydrocarbons on the surface of the property; Duke representatives immediately went to the location. Because it was dark, Duke's representatives were unable to examine the property at that time; they returned the following morning and began excavating soil to determine the source of the leak. Later that day, Duke determined that the source of the leak was corrosion of the idled two-inch line; Culpepper and Valley View were notified. In December of 2003, Duke submitted a work plan to the Oklahoma Corporation Commission for further investigation of the property.

In January 2004, Duke notified Culpepper and Valley View that it intended to install three

monitoring wells on the property. When Duke's representatives arrived at the site, Culpepper and Valley View refused to allow them to access the property[1]. Duke then filed an action in the District Court of Grady County, Oklahoma, and obtained a temporary restraining order preventing Valley View from interfering with Duke's easement [2]. Duke then began the work related to the monitoring wells.

Duke contends that Plaintiffs' refusal to allow it access, which necessitated the filing of the Grady County action, caused an unnecessary delay in Duke's remedial efforts. Duke argues that the Plaintiffs' damages should be barred or reduced because their conduct contributed to the damages they now claim.

Plaintiffs acknowledge that Oklahoma has long held that a plaintiff has a duty to mitigate the damages allegedly caused by a defendant by utilizing all reasonable means to avoid or minimize the plaintiff's loss. *See, e.g., Consolidated Cut Stone Co. v. Seidenbach*, 75 P. 2d 442, 450 (Okla. 1937); *Tulsa Municipal Airport Trust v. National Gypsum Co.*, 551 P. 2d 304, 309 (Okla. Civ. App. 1976). Plaintiffs argue, however, that the two-day delay caused by their refusal to allow Duke to enter the property to begin drilling monitoring wells could not have resulted in "any appreciable impact to the groundwater." Plaintiffs' Brief at p. 17. They contend that they will offer evidence showing that, because of the speed at which groundwater moves, a two-day delay could not have significantly contributed to the damage. Duke counters by arguing that Plaintiffs have not submitted evidence

---

[1]*According to Plaintiffs, Culpepper did so because he had previously asked a Duke representative to provide him with the location of the wells and Culpepper had not received a response to that request.*

[2]*Several months later, the temporary restraining order was vacated and Duke's request for an injunction was denied by the state court. Duke later was granted partial summary judgment in that action, and the case proceeded to trial. Duke was awarded judgment on its claim that Valley View violated its duties under the easement by refusing Duke access to the property; it received $1,800 in damages.*

of testing which supports their theory[3].   At a minimum, Duke argues, whether Plaintiffs mitigated this aspect of their claimed damages presents a material factual dispute.

In its response to Plaintiffs' Motion, Duke notes that its mitigation affirmative defense is not limited to the groundwater damages but that it is also based on Plaintiffs' claimed losses resulting from Valley View's inability to raise cattle on the property and the alleged inability to lease the property.   The claimed loss regarding cattle is based on the fact that the fencing on the property was removed to permit Duke to perform remedial work.  According to Duke, Culpepper has stated that he has not replaced the fence because of fear that, if he does so, Duke will seek another restraining order.  However, Duke argues that Culpepper testified in his deposition that he sold the majority of his cattle because he had lost interest in raising cattle, and not because of the lack of fencing on the property.  *See* Culpepper dep., Duke Ex. 1, p. 11.  Furthermore, Culpepper testified that he had not discussed fence replacement with anyone at Duke.  *Id.* at pp. 63-64.   Duke argues that this evidence is sufficient to create a material fact dispute regarding whether Plaintiffs mitigated any claimed loss resulting from the alleged inability to raise cattle on the property.

With respect to Plaintiffs' claimed inability to lease the property, Duke notes that Culpepper also testified that several people had expressed interest in a lease and that Culpepper had not decided what action to take.  Culpepper dep., Duke Ex. 1, p. 12.  Thus, Duke contends that the failure to lease the property is not the fault of Duke but is the result of Culpepper's indecision.

Plaintiffs respond that these issues are separate from the issue regarding damage to the groundwater.  They reassert their contention that Duke has not offered sufficient evidence to allow the affirmative defense of failure to mitigate to withstand summary judgment.

---

[3] *Duke has also challenged the admissibility of the expert testimony on which Plaintiffs rely.  See Motion in Limine [Doc. No. 45].*

Having considered the parties' arguments and the evidence submitted in connection with the Motion, the Court concludes that material fact disputes preclude judgment on the affirmative defense at this time. The record before the Court reflects that the issue of groundwater damage is a subject to be addressed by expert testimony, and the expert opinions submitted in connection with the Motion are not sufficient to allow the Court to conclude that Duke cannot, as a matter of law, pursue its affirmative defense of failure to mitigate. Therefore, the Motion is DENIED as to this issue.

Affirmative defenses of equitable estoppel and waiver:

Plaintiffs contend that Duke has no evidence to support an affirmative defense of estoppel. In response, Duke states that it has not asserted that defense but that its estoppel argument is related only to its argument that this action is barred by claim or issue preclusion. Inasmuch as that argument has been rejected on appeal, the issue is moot and need not be addressed in this order.

With respect to the affirmative defense of waiver, Plaintiffs contend that Duke has not submitted sufficient evidence to create a material fact dispute on this issue. Duke's waiver defense is premised on the Plaintiffs' refusal to allow it access to the property; Duke contends that Plaintiffs' conduct evidences their intention to waive their rights to require Duke to take remedial action.

As Plaintiffs point out, "Waiver is the voluntary and intentional relinquishment of a known right." *Barringer v. Baptist Healthcare of Oklahoma*, 22 P. 3d 695, 701 (Okla. 2001). The intent of the party against whom waiver is asserted must be examined; however, a waiver may be express or implied. *Id.* "An implied waiver can be established by action or conduct which warrants an inference of intent to relinquish." 22 P. 3d at 701. The implication must, however, be a "clear, unequivocal and decisive manifestation of the party's relinquishment of the right." *Id.*

Contrary to Plaintiffs' contention, the Court cannot conclude, as a matter of law, that Duke

has insufficient evidence to establish a waiver based on Plaintiffs' refusal to permit Duke access to the property. That Culpepper denied Duke access to the property is not disputed; however, the Court has not received evidence regarding the conversation that occurred between Culpepper and Duke's representatives. Thus, the Court is unable to determine whether his conduct is sufficient to imply a clear and unequivocal manifestation of his relinquishment of the rights of Culpepper or Valley View regarding the property. Accordingly, the Motion for judgment on Duke's affirmative defense of waiver must be DENIED at this time. At the conclusion of the evidence at trial, the Court will determine whether this issue may be submitted to the jury

Duke's Motion to Strike:

Among the exhibits to Plaintiffs' Motion is an affidavit of their expert witness, Jerry J. Black. Plaintiffs' Ex. 2. Plaintiffs also submit copies of the reports of two Duke expert witnesses, Joseph Reed and Kim Allen. *See* Plaintiffs' Ex. 4 and Ex. 5. Duke contends that the Black affidavit should be stricken because it does not comply with the requirements of Fed. R. Civ. P. 56(e), which provides that affidavits submitted in support of a summary judgment motion "shall be made on personal knowledge." Black's affidavit contains comments regarding documents describing events which he did not personally witness, but which are reported by others. It also summarizes information contained in some documents generated by Duke. Duke contends that, as a result, the affidavit lacks the foundational requirements for admission, and argues that those portions of the affidavit must be stricken.

Plaintiffs argue that the personal knowledge requirement does not extend to the affiant's review of documents or files where the affiant's comments are limited to describing what is contained in the document he reviewed. *See, e.g., Washington Central Railroad Co., Inc. v. National Mediation*

*Board*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993), *citing Londrigan v. Federal Bureau of Investigation,* 670 F.2d 1164, 1174-75 (D.C. Cir. 1981).  Plaintiffs also note that Black is testifying as an expert witness in this case; as a result, under the provisions of Federal Rule of Evidence 703, he may base his opinion on facts or data that may otherwise be inadmissible, so long as those facts or data are the type typically relied upon by experts in the field.   Plaintiffs contend that the documents referenced in his affidavit satisfy those requirements.

As set forth herein, the Court has concluded that the material factual disputes preclude summary judgment on the affirmative defenses asserted by Duke.  That conclusion does not require consideration of Black's affidavit, as the parties arguments and the other evidence before the Court are sufficient to establish the existence of material factual disputes.  Therefore, the Court finds the Motion to Strike moot as to the Black affidavit[4].

With respect to the reports of its own expert witnesses, Duke argues that they should not be considered in connection with Plaintiffs' Motion because they are not accompanied by sworn affidavits.  In response, Plaintiffs state that the reports were presented in support of their argument regarding liability; because Duke does not deny liability, the reports are not at issue, and the Motion to Strike is moot.

The Court concludes that the arguments asserted in the Motion to Strike have been rendered moot.  Accordingly, the Motion [Doc. No. 52] is DENIED.

Conclusion:

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment  [Doc. No. 47]

---

[4]*The Court's ruling does not impact Duke's separate motion in limine [Doc. No. 45] in which it seeks to exclude Black's testimony at trial under Fed. R. Evid 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589-90 (1993).  That motion will be the subject of a separate order.*

and Duke's Motion to Strike [Doc. No. 52] are DENIED.

IT IS SO ORDERED this  25th   day of April, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE