IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VALLEY VIEW ANGUS RANCH, an Oklahoma corporation, and OTIS CULPEPPER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. CIV-04-191-D |
| DUKE ENERGY FIELD SERVICES, LP, | ) ) | |
| Defendant. | ) | |

ORDER

Before the Court are the Motions in Limine filed by Plaintiffs Valley View Angus Ranch, Inc. and Otis Culpepper [Doc. No. 68] and the Motions in Limine filed by Defendant Duke Energy Field Services, LP[1] [Doc. No. 150]. Both Plaintiffs and Defendant have also separately filed several motions in limine in which they seek to exclude the testimony of certain expert witnesses. Those motions will be addressed in separate orders.

A. Plaintiffs' Motions:

Plaintiffs seek to exclude evidence of the following at trial: 1) the 2004 lawsuit filed in Grady County, Oklahoma by Defendant; 2) other lawsuits filed by Plaintiffs asserting claims for damages to the property at issue in this action; 3) other oil and gas operations on Plaintiffs' property; 4) reports submitted to the Oklahoma Corporation Commission by Defendant and prepared by non-testifying witnesses; 5) statements contained in reports from Oklahoma Corporation Commission

---

[1] Subsequent to the filing of this lawsuit, the name of Duke Field Energy Services, LP was changed to DCP Midstream, LP.

personnel; and 6) documents not produced by Defendant in discovery.

1) The Grady County lawsuit:

Plaintiffs seek to exclude evidence that, in January 2004, Defendant filed a lawsuit in the District Court of Grady County, Oklahoma (the "Grady County lawsuit") in which it obtained a temporary restraining order to prohibit Plaintiffs from restricting Defendant's access to the property after the pipeline leak. It is not disputed that Defendant sought to enter the property in January for the purpose of drilling monitoring wells to further assess the impact of the pipeline leak. The parties do not dispute that Plaintiffs refused to allow Defendant to enter the property. Defendant filed the Grady County lawsuit to prohibit Plaintiffs from interfering with Defendant's easement rights. The parties agree that a temporary restraining order was issued prohibiting Plaintiffs from continue to interfere with Defendant's easement and that, ultimately, a jury found that Defendant was entitled to damages for Plaintiffs' interference with Defendant's easement.

In response to Plaintiffs' motion, Defendant argues that evidence of the lawsuit is relevant to its affirmative defense that Plaintiffs failed to mitigate their damages. Defendant also notes that Plaintiffs contend that Defendant failed to take appropriate action after the leak was discovered, and they seek punitive damages.

The fact that Plaintiffs refused to permit Defendant access to the property and that Defendant filed a lawsuit to obtain such access is relevant to both Defendant's mitigation defense and Plaintiffs' punitive damages claim. Although the Court does not expect that detailed evidence about the Grady County lawsuit will be necessary or appropriate, both the fact that it was filed and the outcome are relevant. Plaintiffs' motion is thus denied.

2) Lawsuits filed by Plaintiffs against other companies prior to 2003:

Plaintiffs also seek to exclude evidence that, in 1985 and in 2000, they filed lawsuits seeking damages for hydrocarbon leaks on the property.   Plaintiffs state that Defendant has listed the case files regarding these lawsuits as trial exhibits.  Plaintiffs argue that these lawsuits do not involve the property which is the subject of this action and that the prior lawsuits have no relevance to any claim asserted in this action.

In response, Defendant argues that, contrary to Plaintiffs' current argument, the prior lawsuits involved the same property that is the subject of this lawsuit.  Defendant submits a copy of the petition filed in a 1985 lawsuit and contends that  the allegations in that lawsuit are relevant because Plaintiffs alleged that the value of the property was diminished as a result of the events described in that lawsuit.  Defendants argue that the determination of the value of the property before the 2003 leak would have been impacted by the fact that the property had previously been damaged.  Defendant does not submit a copy of the petition in the  2000 lawsuit.

Based on the parties' arguments and the briefs submitted, the Court cannot determine, at this time, whether this evidence should be admitted.  Although it appears that evidence related to the condition of the property prior to the 2003 leak is relevant, it is not clear to the Court that a claim made in a 1985 lawsuit is sufficiently relevant.

The Court concludes that this issue must be reserved for trial.  If Defendant intends to seek admission of the evidence of these lawsuits, it must notify the Court and counsel for Plaintiffs at the appropriate time during  trial so that the Court may consider the question of admissibility outside the hearing of the jury.

3. Other oil and gas operations on the property at issue:

Plaintiffs ask the Court to prohibit Defendant from presenting any evidence regarding other oil and gas operations conducted on the property which is the subject of this action. Plaintiffs acknowledge that other companies have wells, tanks, pipelines, or other oil and gas equipment on the property. However, Plaintiffs contend that evidence of such equipment or operations is not relevant to any issue in this lawsuit.

Defendant responds by arguing that evidence of other oil and gas activity is a relevant factor to be considered in determining the value of the property. Defendant points out that the parties' expert real estate appraisers have attempted to arrive at a market value for the property and, in doing so, have considered sales of comparable properties. According to Defendant, whether such sales are comparable depends in part on the degree of oil and gas activity on the other properties in comparison with this property.

The Court agrees that the jury should be allowed to hear evidence regarding other oil and gas activities on the property. Plaintiffs do not suggest that this evidence would have any prejudicial impact, and they offer no persuasive argument for its exclusion. The Court will permit Defendant to introduce evidence that other oil and gas operations occur on the property; thus, Plaintiffs' motion in this regard is denied.

4. Oklahoma Corporation Commission reports prepared by Defendant:

Plaintiffs next argue that three reports submitted to the Oklahoma Corporation Commission ("OCC") by Defendant should be excluded because the persons preparing those reports are not listed as witnesses, and the reports are inadmissible as hearsay evidence. Furthermore, Plaintiffs

argue, the reports contain some statements attributed to third parties, and those statements also constitute hearsay.  The reports, submitted as Exhibits 3, 4, and 5 to Plaintiffs' motion, reflect the actions of Defendant in connection with the remedial work performed following the pipeline leak on the property at issue.

Defendant argues that the three reports do not constitute inadmissible hearsay because they qualify for the Federal Rules of Evidence exception to the hearsay rule because the reports are records of regularly conducted business activities.  According to Rule 803(6) of the Federal Rules of Evidence,  a "memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge" is not inadmissible hearsay if it is kept "in the course of a regularly conducted business activity," and if it was the "regular practice of that business activity" to make or maintain the report,  or other document.  Fed. R. Evid.  803(6).   A review of the documents attached to Plaintiffs' motion as Exhibits 3, 4, and 5 establishes that these consist of correspondence  from Defendant to the OCC  reporting the actions taken in connection with its remedial work following the pipeline leak on Plaintiffs' property.  As Defendant points out, such material is not inadmissible hearsay if Defendant can establish the foundational requirements of Fed. R. Evid. 803(6).   As provided in the rule, the person signing the report need not testify if a custodian "or other qualified witness"  testifies that such material was maintained in the regular course of Defendant's business and the remaining foundational elements are satisfied.  Fed. R. Evid. 803(6).

Although Plaintiffs also complain that the reports  contain comments or statements from third parties who are not listed as witnesses, Plaintiffs have not identified those comments and statements.

5

Plaintiffs also suggest that some of the statements contained in the reports consist of expert opinion, but do not specify the statements on which this objection is based[2].

Neither party submits authority to support the arguments asserted. However, the Court agrees with Defendant regarding the general rule that, if it can show that the documents satisfy the requirements of Fed. R. Evid. 803(6), the documents do not constitute inadmissible hearsay. Furthermore, if the documents are properly authenticated, tey may be admissible.

Subject to a determination at trial that Defendant has satisfied the requirements of the Federal Rules of Evidence, the challenged reports are admissible. Plaintiffs may renew their objection at the appropriate time at trial. If they do so, the Court will determine whether the requirements have been satisfied prior to admitting these reports as evidence.

5. Statements contained in reports from OCC personnel:

Plaintiffs also contend that reports generated by OCC personnel are inadmissible hearsay. Plaintiffs do not identify the challenged reports, and do not present authority to support their contention that such reports should not be admitted. Defendant states that the fact the signatories of those reports are not listed as witnesses does not render the reports inadmissible hearsay if the material qualifies as a hearsay exception pursuant to Fed. R. Evid. 803(6). Furthermore, Defendant notes that such reports can be authenticated under Fed. R. Evid. 902(11).

Inasmuch as the challenged reports have not been sufficiently identified to allow the Court to determine if Defendant's argument is correct, this motion must be reserved for trial. Prior to introducing these documents, the Defendant must notify the Court and counsel so that the Court may

---

[2]*Plaintiffs have filed separate motions in limine challenging the admissibility of the opinions of some of Defendant's expert witnesses; however, the comments in these reports are not mentioned in those motions.*

6

determine their admissibility outside the hearing of the jury.

6. Documents not produced in discovery:

Plaintiffs' final motion asks the Court to exclude as exhibits any materials not disclosed in discovery. As Defendant correctly notes, it is not necessary for the Court to rule in limine on this issue because the parties are required to exchange exhibits and to disclose the same through the discovery procedures prior to trial. As a result, both Plaintiffs and Defendant are required to have previously produced the exhibits they intend to introduce at trial.

B.  Defendant's Motions:

Defendant seeks to exclude four categories of evidence: 1) Leaks, spills, releases or discharges from Defendant's pipeline onto property other than the Plaintiffs' property; 2)  Duke's litigation conduct in this or the Grady County lawsuit; 3) evidence contrary to the findings and judgment in the Grady County lawsuit; and 4)  references to punitive damages prior to any determination by the Court that such damages may be considered by the jury.

1) Leaks, spills, releases or discharges onto property other than the Plaintiffs' property:

Defendant anticipates that Plaintiffs will seek to admit testimony or evidence that, sometime prior to the October 2003 leak of hydrocarbons from the pipeline underlying  Plaintiff's property, there was a leak onto nearby property from a pipeline operated by Defendant. Defendant contends that such evidence has no relevance to the issues in this lawsuit and would be highly prejudicial to Defendant. In the alternative, Defendant asks the Court to prohibit Plaintiff Culpepper from testifying that contractors hired by Defendant made statements about prior leaks.

Plaintiffs' response makes clear their intent to introduce  evidence of a previous leak

occurring on nearby property not owned by Plaintiffs. They contend that the earlier leak occurred in a pipeline which fed into the pipeline underlying Plaintiffs' property and that the previous leak should have alerted Defendant to the possibility that the pipeline system was damaged. Plaintiffs contend that Defendant should have inspected the pipeline, including the line underlying Plaintiffs' property, or taken other action to maintain its pipeline.

Defendant contends that the pipeline underlying Plaintiffs' property was idle and that it had no cause to believe that the pipeline was damaged; it contends that a leak which occurred two years before the leak on Plaintiffs' property cannot be relevant to this lawsuit. Defendant argues that, under Oklahoma law, evidence of the prior leak is not relevant, citing *Skelly Oil Co. v. Johnson*, 120 P.2d 626 (Okla. 1941) and *Continental Oil Co. v. Tigner,* 118 P. 2d 1027 (Okla. 1941). As Defendant points out, it does not deny liability in this case, and the issue is thus limited to the damages properly recoverable. According to Defendant, that a leak may have occurred on neighboring property two years prior to the 2003 leak does not impact Plaintiffs' damages.

Plaintiffs contend that evidence of the prior leak is relevant to their punitive damages claim, contending that this evidence is relevant to the issue of whether Defendant was aware of the deterioration of the pipeline system. Plaintiffs also argue that the evidence is relevant to the question of whether Defendant properly maintained or inspected the pipeline at issue.

As Defendant points out the fact that a previous leak occurred would not be admissible to show that the 2003 leak caused damage to Plaintiffs' property. *See Continental*, 619 P. 2d at 1028. However, that is not the issue in this case because Defendant does not deny that a leak occurred in its pipeline. Instead, the evidence must be relevant to the questions of the extent of any resulting

8

damages to Plaintiffs and the amount of recoverable damages.

As discussed in the Court's rulings on the parties' respective motions for summary judgment, material factual disputes exist regarding whether there was a prior leak in another pipeline and, if so, whether that occurrence should have alerted Defendant to the possibility of damage to the pipeline underlying Plaintiffs' property.   Evidence of a prior leak thus appears to have some relevance to Plaintiffs' damages claims.   However, Defendant argues that the evidence will show the pipeline underlying Plaintiffs' property was idle and had been idle for a number of years.

Because the Court does not have before it evidence showing the proximity of the other pipeline or evidence regarding the circumstances involving the previous leak, the Court will reserve this issue for ruling at trial.  Prior to eliciting testimony or other evidence on this issue, Plaintiffs must notify the Court and Defendant's counsel so that the Court can make this ruling outside the hearing of the jury.

With respect to Defendant's argument that Culpepper cannot be permitted to testify as to what another person may have told him about a previous leak in a nearby pipeline, the Court generally agrees with Defendant that such testimony would constitute inadmissible hearsay. Absent an argument and further evidence from Plaintiffs that would place such testimony within a recognized exception to the hearsay rule, the Court will not permit such testimony.

 2) Defendant's litigation conduct in this  lawsuit and the Grady County lawsuit: 

Defendant asks the Court to prevent Plaintiffs from eliciting testimony or mentioning the fact that, in this lawsuit, Defendant filed a motion to dismiss, a subsequent motion for summary judgment, and related motions for costs and attorney fees.  Defendant contends that such conduct

is not relevant to any issue in this lawsuit. Plaintiffs suggest, however, that such evidence is relevant to show that Defendant has attempted to avoid liability for the damage caused by its pipeline leak.

The Court agrees with Defendant that the evidence is inadmissible. It has no relevance to any issue regarding the damages sought by Plaintiffs, and would be prejudicial to Defendant. Such evidence will not be admitted.

3) Evidence designed to contradict the findings or judgment in the Grady County lawsuit:

Defendant asks the Court to prohibit Plaintiffs from eliciting testimony or arguing that the outcome of the Grady County lawsuit should have been different or evidence that is intended to elicit a finding contrary to the judgment in that lawsuit. Defendant notes that the judgment reflects that Defendant had an easement on the property, that Plaintiffs violated Defendant's easement rights, and that Defendant incurred damages as a result.

In response, Plaintiffs state that they do not intend to make such an argument and, in fact, they have filed a motion in limine seeking to prohibit any evidence concerning the Grady County lawsuit. The Court has concluded in this Order that evidence of the filing of the lawsuit and its outcome is relevant to Defendant's mitigation argument and its defense of Plaintiffs' claim for punitive damages. The evidence will be limited accordingly.

4) Argument or reference to punitive damages during trial:

Defendant asks the Court to prohibit Plaintiffs from arguing or making reference to punitive damages at any time during trial until such time as the Court determines whether such damages may be considered by the jury. Plaintiffs agree. The Court will follow the procedure established by the Oklahoma statutes; at the close of the evidence, the Court will determine whether the evidence

is sufficient to submit to the jury the question of punitive damages. Unless the Court determines that such damages may be considered by the jury, no reference to the same will be permitted.

C. Conclusion:

For the foregoing reasons, Plaintiffs' Motions in Limine [Doc. No. 68] are DENIED in part and RESERVED in part, as explained herein. Defendant's Motions in Limine [Doc. No. 250] are GRANTED in part and RESERVED in part, explained herein.

IT IS SO ORDERED this __7th__ day of May, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE