## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

VALLEY VIEW ANGUS RANCH,    )
INC. an Oklahoma corporation, and    )
OTIS CULPEPPER, an    )
individual,    )
    )
        Plaintiffs,    )
    )
vs.    )    NO. CIV-04-191-D
    )
DUKE ENERGY FIELD SERVICES, LP,    )
 a Colorado limited partnership,    )
    )
        Defendant.    )

## O R D E R

Before the Court is the Defendant's Renewed Motion for Judgment as a Matter of Law and Alternative Motion for Remittitur, or Motion for a New Trial [Doc. No. 209]. Defendant seeks the Court's determination that, notwithstanding the jury verdict, Defendant is entitled to judgment as a matter of law on the damages claims asserted by Plaintiff Valley View Angus Ranch, Inc. ("Valley View"). As alternative relief, Defendant seeks a reduction in the damages awarded or a new trial. Plaintiffs have timely responded to the Motion.

As Defendant states, it moved for judgment as a matter of law, pursuant to Fed. R. Civ. P. 50(a), at the close of Plaintiffs' case in chief. Defendant sought judgment on the issues of 1) the cost of repair as an item of damages recoverable by Valley View; 2) Valley View's claim of damages based on loss of use of the property; 3) Valley View's damages claim based on permanent diminution in the value of the land; 4) punitive damages; and 5) Plaintiff Otis Culpepper's individual claims for annoyance and inconvenience. The Court denied the motion as to grounds 1 and 5, and determined that it was moot as to grounds 2 and 3 because Valley View had withdrawn its claims

based on those categories of damages.  The Court reserved a ruling on the claim for punitive damages until all evidence had been presented.  At the close of the evidence, Defendant renewed its Rule 50 motion as to the remaining claims; the Court granted judgment as a matter of law on the issue of punitive damages and, determining that Valley View had apparently renewed its claim for damages based on permanent diminution in value, the Court also granted Defendant's Rule 50 motion as to that claim.  The Court denied the Rule 50 motion on Valley View's claim for damages to its property and Culpepper's claim for damages resulting from personal annoyance and inconvenience.  Those issues were submitted to the jury, which found in favor of Valley View on its claims for damages to property, and awarded it damages of $131,500.00.  The jury also found in favor of  Culpepper on his claim of personal annoyance and inconvenience, and awarded him $37,500.00.

Defendant's  Motion is directed only at the damages awarded to Valley View; it contends the evidence cannot support the $131,500.00 damage award  under Oklahoma law.   Defendant argues that Oklahoma law requires limiting Valley View's damages to $2,602.00, and that the jury's calculation is based on an incorrect application of the law.   As an alternative to its Rule 50 motion on this issue, Defendant seeks relief pursuant to Fed. R. Civ. P. 59; it asks the Court to order a remittitur reducing the damages to $2,602.00,  to alter the judgment to reduce the damage award, or to order a new trial as to Valley View's damages.

Rule 50:

 Rule 50(a)(1) " allows the district court to grant a motion for judgment as a matter of law '[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Sims v. KCA, Inc.*, 1994

WL 266744, **2 (10th Cir. June 17, 1994)(unpublished opinion). Rule 50(a)(1) motions "should be cautiously and sparingly granted." *Zuchel v. City & County of Denver*, 997 F.2d 730, 734 (10th Cir. 1993).   Judgment as a matter of law is appropriate only if the evidence, viewed in the light most favorable to the nonmoving party, "points but one way and is susceptible to no reasonable inferences supporting the nonmoving party." *Hysen v. Burlington Northern Santa Fe Ry. Co.,* 530 F. 3d 1260, 1269 (10th Cir. 2008) (quotation omitted).   A directed verdict is appropriate only if "there can be but one reasonable conclusion as to the verdict." *Honce v. Vigil*, 1 F. 3d 1085, 1088 (10th Cir. 1993).

Defendant argues, as it did at trial, that the evidence regarding the extent of the property damaged by the pipeline leak can only point to the conclusion that the damage was limited to a two-acre tract in the immediate vicinity of the leak.   Defendant contends that the evidence at trial showed that the fair market value of that tract  prior to the leak was $2,602.00, and that its fair market value following the leak was zero.   Defendant contends that, under Oklahoma law, Valley View's recoverable damages were limited to the diminution in value of the tract which sustained damage caused by the pipeline leak.   Defendant contends that the evidence at trial could not support a conclusion that Valley View sustained damages to any portion of its property beyond the two-acre tract adjacent to the pipeline leak.   Thus, it contends that the jury's damage award is not supported by the governing law and must be reduced to $2,602.00.

Plaintiffs argue[1] they presented evidence to show that the damage to Valley View's property extended beyond the limited area on which Defendant relies; Plaintiffs contend their evidence showed that the leaked condensate had spread or migrated into areas beyond the two-acre tract.

---

[1]Plaintiffs initially argue that Defendant's Rule 50 motion is not proper because the argument on which it is based was not asserted when Defendant moved for judgment during the trial.  The Court disagrees, as Defendant consistently argued that Valley View's damages should be limited to the two-acre area adjacent to the pipeline leak, and its Rule 50 argument at the close of all evidence encompassed that contention.

Although Plaintiffs acknowledge that Defendant presented evidence to the contrary, they contend the jury had sufficient evidence on which to base the finding that the damaged area was more extensive than Defendant claimed. Thus, Plaintiffs argue there was sufficient evidence to support the jury's damage calculation.

The Court agrees with Plaintiffs. As reflected in the evidence and testimony at trial as well as the parties' arguments regarding jury instructions, Valley View and Defendant disagreed regarding the extent of the property that was damaged by the pipeline leak. The scope of the damage was the subject of considerable testimony, including extensive expert testimony presented by Plaintiffs and Defendant. The jury heard conflicting expert opinions regarding the extent of the damage. The jury was instructed that Valley View had the burden of proving the nature and extent of the area damaged. *See* Jury Instruction No. 15 [Doc. No. 205]. They were further instructed that, in considering the damages which could be recovered by Valley View, they should first determine whether Valley View's property was damaged; if so, they were directed to next determine "the extent to which the Valley View property, or some portion of it, was harmed." *See* Jury Instruction No. 18 at pp.1-2 [Doc. No. 205]. The jury was then instructed regarding the proper measurement of the resulting damages. *Id.* at pp. 2-5.

The jury heard the evidence and made its determinations based on the extent of the damage which it concluded was shown by the evidence; it then calculated the damages accordingly. While the resulting amount was greater than Defendant argued could be supported by the evidence, it was significantly less than the amount claimed by Plaintiffs. The Court cannot conclude that, as a matter of law, the evidence regarding the extent of the property damaged "points but one way and is susceptible to no reasonable inferences which may support" Plaintiffs' position. *See Hysten, supra.*

4

Accordingly, Defendant's Rule 50 motion must be DENIED.

<u>Rule 59 and remittitur:</u>

As alternative relief, Defendant moves, pursuant to Fed. R. Civ. P. 59, for a new trial on the issue of damages or an order directing the remittitur of $128,898.00 to reduce Valley View's damage award to $2,602.00.[2]

"Upon review of a motion for a new trial, all evidence is viewed in the light most favorable to the prevailing party." *Welch v. Cabelka,* 301 F. App'x 825, 829 (10th Cir. 2008), citing *Escue v. Northern Oklahoma College*, 450 F. 3d 1146, 1156 (10th Cir.2006). Where the motion for new trial or alteration of the judgment is based on the contention that a damages assessment is incorrect, the court "'will not disturb a jury's finding on damages [in a civil trial] unless it is so unreasonable as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial.'" *Simek v. J. P. King Auction Co.*, 160 F.App'x 675, 687 (10th Cir. 2005) (unpublished opinion), quoting *Bennett v. Longacre*, 774 F.2d 1024, 1028 (10th Cir. 1985).

Where a defendant seeks remittitur or a new trial on grounds that the damage award was excessive, the defendant bears "a heavy burden of demonstrating that the verdict was 'clearly, decidedly, or overwhelmingly against the weight of the evidence.'" *Blanke v. Alexander,* 152 F. 3d 1224, 1236 (10th Cir. 1998) (internal quotation omitted). Defendant argues that, because this is a

---

[2]As Plaintiffs point out, remittitur could not be ordered in this case absent Plaintiffs' consent; instead, a new trial would be required on the issue of damages. "No judgment for a remittitur may be entered without the plaintiff's consent because the Seventh Amendment prohibits the court from substituting its judgment for that of the jury's regarding any issue of fact." *Sloan v. State Farm Mut. Auto. Ins. Co.*, 360 F. 3d 1220, 1225 (10th Cir.2004). "[I]f the plaintiff does not consent to the remittitur, the district court has no alternative but to order a new trial on damages." *Id.* (citations omitted); *see also Cartel Asset Management v. Ocwen Financial Corp.*,249 F.App'x 63, 81 (10th Cir. 2007)(unpublished opinion).

diversity case, the Court must apply Oklahoma law regarding motions for new trials and remittitur. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 433 (1996). As Defendant points out, the Oklahoma statutes authorize a court to grant a new trial on a variety of grounds, including, *inter alia,* that the damages were excessive or inadequate and based on passion or prejudice, where the verdict is not sustained by sufficient evidence or is contrary to law, or where an error of law occurred at trial. Okla. Stat. tit. 12 § 651(4),(5,(6), (8); *Nat'l Farmers Union Property & Cas. Co. v. Watson*, 298 P. 2d 762 (Okla. 1956). Thus, Defendant contends, an order of remittitur or a reduction in damages is not limited to those circumstances in which the verdict "shocks the judicial conscience." Nevertheless, the distinction between the standards does not impact the ultimate decision regarding the instant motion.

Having considered the evidence in light of the jury's verdict in this case, the Court concludes that there is no basis for a new trial or remittitur as to the damages awarded to Valley View. As discussed above, the Court concludes that the jury was properly instructed that it could assess damages based only on the amount of property which it concluded had been injured, and there was sufficient evidence from which it could make that determination consistent with Oklahoma law. Although Defendant suggests that the jury may have misconstrued their instructions, it is well settled that a verdict "will not be upset on the basis of speculation as to the manner in which the jurors arrived at it." *Biocore, Inc. v. Khosrowshahi*, 80 F. App'x 619, 627 (10th Cir. 2003) (unpublished opinion), quoting *Midwest Underground Storage, Inc. v. Porter*, 717 F. 2d 493, 501 (10th Cir. 1983). Furthermore, the Court must "presume that juries follow the court's instructions as given." *Klesch & Co. Ltd. v. Liberty Media Corp.*, 234 F. App'x 829, 836 (10th Cir. 2007)(unpublished

opinion),citing *Questar Pipeline Co. v. Grynberg*, 201 F. 3d 1277, 1287 (10th Cir. 2000).[3]

Defendant has offered no persuasive argument warranting a departure from these established rules.

<u>Conclusion:</u>

Accordingly, having fully considered the record and the parties' arguments, the Court finds

that Defendant's Motion [Doc. No. 209] should be, and is, DENIED in all respects.

IT IS SO ORDERED this  18th  day of August, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3]Defendant also suggests that the closing argument of Plaintiffs' counsel may have confused the jury.  A new trial may, in some instances, be based on the impropriety of opposing counsel's statements during closing argument. *Whittenburg v. Werner Enterprises, Inc.*, 561 F. 3d 1122, 1127 (10th Cir. 2009). In this case, however, Defendant identifies no statements on which the Court could base a finding of impropriety, and the Court has identified no statements warranting that conclusion.