### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VALLEY VIEW ANGUS RANCH, ) <br> INC. an Oklahoma corporation, and ) <br> OTIS CULPEPPER, an ) <br> individual, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> DUKE ENERGY FIELD SERVICES, LP, ) <br> a Colorado limited partnership, ) <br> ) <br> Defendant. ) | NO. CIV-04-191-D |

## O R D E R

Before the Court is Defendant's Motion to Impose Costs Against Plaintiff Otis Culpepper [Doc. No. 210]. Plaintiffs have timely responded. By separate Motion [Doc. No. 224], Defendant also asks the Court to review the Taxation of Costs [Doc. No. 223] filed herein to the extent that the same awards costs in favor of Culpepper. Because the motions are supported by identical arguments, both are addressed herein.

I. Background:

Plaintiffs brought this action to recover damages resulting from a leak in a pipeline underlying a Grady County, Oklahoma ranch owned by Plaintiff Valley View Angus Ranch, Inc. ("Valley View"). Defendant owns and operates the pipeline system in which the leak occurred. Culpepper is the president, sole director and sole shareholder of Valley View. Valley View sought damages to the property, and Culpepper sought damages based on personal annoyance and inconvenience caused by Defendant's conduct. These issues were tried to a jury and, on July 31, 2008, the jury returned a verdict in favor of Valley View, awarding it $131,500.00 in damages; the

jury also returned a verdict in favor of Culpepper and awarded him $37,500.00 in damages.

Plaintiffs subsequently filed a Bill of Costs, seeking costs of $8,146.83 as prevailing parties. Pursuant to Court procedure, the Court Clerk conducted a hearing and awarded Plaintiffs costs in the amount of $6,748.58 [Doc. No. 223].

Defendant seeks a reduction in the Taxation of Costs to the extent that it includes an award of costs to Culpepper. In its separate Motion, it seeks a ruling precluding recovery of costs by Culpepper and awarding costs to Defendant on the claim asserted by Culpepper.

II. Analysis:

Defendant argues that, because Culpepper did not recover $75,000.00, exclusive of interest and costs, the Court may deny him costs and, in addition, impose costs against him pursuant to 28 U. S. C. § 1332(b). Defendant also contends that imposition of costs is appropriate in this case because Culpepper refused to disclose the specific amount of damages he sought until the closing argument at trial, when his attorney asked the jury to award Culpepper $50,000.00. Defendant argues that Culpepper's conduct raises a question as to whether he acted in good faith.

The Court's jurisdiction in this case is based on diversity of citizenship, which requires that the amount in controversy exceed the sum of $75,000.00, exclusive of interest and costs. 28 U. S. C. § 1332(a). Defendant argues that it has consistently taken the position that this Court lacks jurisdiction over this diversity case because the requisite amount in controversy did not satisfy the jurisdictional amount. Defendant also argues that, in response to this contention, Culpepper consistently refused to specify the amount of damages he sought for his tort claim. In his closing argument, however, Culpepper's counsel asked the jury to award him $50,000.00 in damages for his personal annoyance and inconvenience. *See* trial transcript excerpt, submitted as Exhibit 3 to

Defendant's Motion.

The statute governing diversity jurisdiction provides for the denial of costs to a prevailing plaintiff who does not recover the jurisdictional amount:

> Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

28 U. S. C. § 1332(b).  The Tenth Circuit has held that § 1332 is not ambiguous and confers on the court the discretion to deny costs where a plaintiff's recovery is less than the jurisdictional amount:

> The language of § 1332 is not ambiguous. The statute clearly grants the district court discretion to deny costs if the plaintiff "is finally adjudged to be entitled to recover less than" the jurisdictional amount.

*Jordan F. Miller Corp. v. Mid-Continent Aircraft Service, Inc.*, 1999 WL 164955, at*3 (10th Cir. Mar. 24,1999)(per curiam) (unpublished opinion)  (quoting 28 U. S. C. § 1332(b)).  In *Miller*, the Circuit recognized that the legislative history of § 1332(b) reflects its intent to "deter plaintiffs from filing cases in federal court when the amount in controversy is, or is likely to be, less than the jurisdictional amount." *Id.* (citations omitted). However, the Circuit added that the "plain language" of the statute "does not limit its application to instances in which plaintiffs deliberately inflate their claims.  The statute leaves the determination on allocation of costs to the discretion of the judge." *Miller*, 1999 WL 164955, at *3.

In response to the Motion, Plaintiffs offer no contrary authority. They contend that, throughout the pretrial proceedings and the trial, it was "conceivable" that the jury would award Culpepper damages sufficient to satisfy the jurisdictional amount.  Response at p. 2.  According to Plaintiffs, counsel's rebuttal argument request that Culpepper be awarded  $50,000.00 was made

only after the Court had ruled Culpepper's punitive damages claim would not be submitted to the jury. Thus, they contend that the request was proper under the circumstances.

Plaintiffs' argument was rejected by this Circuit in *Miller*. The plaintiff there argued that its potential damages originally exceeded the jurisdictional amount, but the trial court's pretrial rulings had limited its potential recovery. The Circuit disagreed, finding § 1332(b) "focuses on the plaintiff's ultimate recovery, not its potential damages." *Miller*, 1999 WL 164955, at *3 (emphasis added). In this case, Plaintiffs offer no authority to the contrary.

Plaintiffs also argue that Culpepper did not act in bad faith when he invoked diversity jurisdiction. As Defendant acknowledges, *Miller* concluded that § 1332(b) "does not preclude an award of costs if the district court determines that a plaintiff was acting in good faith when it invoked diversity jurisdiction, in spite of a limited recovery." *Id.* The Circuit also noted that the legislative history of the statute demonstrates Congress's "intent to deter plaintiffs from filing cases in federal court when the amount in controversy is, or is likely to be, less than the jurisdictional amount." *Miller*, 1999 WL 164955, at *3 (citing *Breeland v. Hide-a-Way Lake, Inc.*, 585 F.2d 716, 722 n. 11 (th Cir. 1978) and *Dr. Franklin Perkins Sch. v. Freeman*, 741 F.2d 1503, 1525 (7th Cir. 1984) (internal citations omitted)). Notwithstanding its recognition of that intent, the Circuit concluded "[t]he plain language of the statute, however, does not limit its application to instances in which plaintiffs deliberately inflate their claims." *Id.* Thus, while recognizing that a plaintiff's good faith may be considered by the Court, the Circuit held that the statute "does not require the court to make express findings on the issue." *Miller*, 1999 WL 164955, at *3. Other jurisdictions have held to the contrary, finding that the trial court should consider a plaintiff's good faith when deciding whether to deny costs pursuant to § 1332(b). *See, e.g., Cosgrove v. Bartolotta*, 150 F. 3d

729, 734 (7th Cir. 1998) (citing *Franklin Perkins*, 741 F.2d at 1525)); *Kinsey v. Weatherly*, 572 F. Supp. 841, 844 (N.D. Ga. 1983); 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3702 (3d ed. 1998).

Having carefully considered the issue and the record in this case, the Court concludes that Culpepper's costs should not be denied. Although the Court does not condone counsel's behavior in failing to disclose the damages amount sought until his rebuttal argument, the Court cannot conclude that Culpepper acted in bad faith in pursuing a claim in which the recovery could not satisfy the jurisdictional amount. Given the number of issues contested by the parties prior to the trial as well as the continuing disputes regarding Culpepper's claims and the damages he sought, his conduct does not amount to bad faith. Accordingly, the Court finds that Defendant's Motion [Doc. No. 210] should be and is hereby, DENIED. Defendant's Motion to Review Taxation of Costs [Doc. No. 224] is also DENIED.

IT IS SO ORDERED this  21st  day of August, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE