IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VALLEY VIEW ANGUS RANCH, INC. an Oklahoma corporation, and OTIS CULPEPPER, an individual, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>DUKE ENERGY FIELD SERVICES, LP, a Colorado limited partnership, )<br><br>Defendant. ) | NO. CIV-04-191-D |

## **O R D E R**

Before the Court is Plaintiff's Motion for Award of Attorney's Fees [Doc. No. 212]. Defendant has timely responded, and Plaintiff has filed a reply. Pursuant to Okla. Stat. tit. 12, § 940(a), Plaintiff Valley View Angus Ranch, Inc. ("Valley View") seeks recovery of attorney fees as the prevailing party on its claim for damages to property resulting from a leak of condensate from a pipeline owned by Defendant. Based on counsel's hourly rates and the total hours incurred, Valley View seeks a "lodestar" attorney fee of $179,012.50. In addition, it asks the Court to enhance that fee.

In response to the Motion, Defendant argues that the total hours incurred by counsel are excessive and must be reduced to arrive at a reasonable fee based on hourly services. Defendant also objects to any enhanced award above the basic lodestar amount to be determined by the Court.[1]

---

[1] Defendant's response also objects to the recovery of any attorney fees by Plaintiff Otis Culpepper. That objection is moot, however, as Plaintiffs expressly do not seek recovery of fees incurred in connection with his claim.

I.  Standards governing attorney fee awards:

The parties agree that, pursuant to Oklahoma law, the prevailing party in an action seeking damages for injury to real property is entitled to recover a reasonable attorney fee. Okla. Stat. tit. 12, § 940.  To determine a reasonable attorney fee, a court must first determine a reasonable hourly rate for the work performed, and then multiply that rate by the number of hours reasonably and necessarily incurred in the case; the resulting dollar figure is referred to as the "lodestar" amount. *Spencer v. Oklahoma Gas & Electric Company*, 171 P. 3d 890, 895 (Okla. 2007) (citing *State ex rel. Burk v. City of Oklahoma City*, 598 P. 2d 659, 661 (Okla. 1979)).  When that amount is determined, the Court may next consider whether to also award an additional amount, or enhancement, based on certain recognized factors, which are discussed below. *Id.*  Any fee so calculated is, however, subject to the rule that "it must be reasonable and bear some reasonable relationship to the amount in controversy." *Spencer*, 171 P.3d at 895; *Finnell v. Seismic*, 67 P. 3d 339, 346 (Okla. 2003).  Under federal law, the procedure for determining a reasonable attorney fee is the same as that applied in *Spencer* and *Burk.  See, e.g., Robinson v. City of Edmond*, 160 F. 3d 1275, 1281 (10th Cir. 1998).

II.  Application:

An attorney seeking a fee award must submit to the Court "detailed time records" and evidence of the reasonable value of the services performed based on the standards of the legal community in which the attorney practices. *Spencer*, 171 P. 3d at 895.  The Local Civil Rules of this Court require the submission of detailed time records as well as an affidavit and a brief supporting the fee request. LCvR 54.2.  Counsel for Valley View has submitted an affidavit, and has separately provided the Court and opposing counsel with the detailed time records reflecting

the time expended by each attorney on specific tasks.[2] Valley View asserts that the hourly rates charged and the total hours incurred, as reflected in its time records, warrant a lodestar fee of $179,012.50.

A. Reasonableness of hourly rates:

Valley View's records reflect that Wes Johnston's legal services in this case were billed at a rate of $175.00 per hour, and Kenneth Johnston's hourly rate was $250.00. In addition, John Graves performed services which were billed at a rate of $125.00 per hour. Defendant does not challenge the reasonableness of these hourly rates, and agrees that the rates are commensurate with the prevailing rates charged in this community in similar cases. Based on its knowledge and familiarity with hourly rates in this community, the Court agrees that the rates charged are fair and reasonable for the work performed in this case.

B. Reasonableness of total hours expended:

Valley View seeks a fee based on 980.5 total hours incurred in this case. Of that total, 844 hours are attributable to work performed by Wes Johnston, 114 hours are reported for Kenneth Johnston, and 22.50 hours are listed for John Graves. Based on their respective hourly rates, the total fee of $179,012.50 is apportioned as follow: $147,700.00 is based on Wes Johnston's services; $28,500.00 is attributed to Kenneth Johnston's services, and $2,812.50 is calculated for John Graves's services.

---

[2] Counsel did not, however, submit the required information as an exhibit to the Motion or file it in this case. Instead, he submitted it to the Court and opposing counsel with a letter which was not filed of record. In the Motion, counsel advised that he understands the Local Civil Rules require submission of the billing records with the Motion, but he preferred to follow his own practice of submitting the same under separate cover. *See* Motion at p. 4, n.1. Counsel is admonished that compliance with LCvR 54.2 is mandatory, notwithstanding his preferred practice. Despite counsel's failure to comply with the rule, the Court has considered the billing records in connection with its ruling on the Motion. To ensure a complete and accurate record in this case, however, Valley View's counsel must file the time records supporting the Motion, and is directed to do so immediately upon receipt of this Order.

Defendant contends that the 980.5 total hours claimed by Valley View are excessive and unreasonable for numerous reasons. Defendant's objections, and Valley View's response thereto, are addressed as follows.

<u>1. Whether the reasonableness of Valley View's total hours is impacted by Defendant's litigation conduct.</u>

As Defendant notes, Valley View argues in part that the total hours incurred are reasonable when examined in light of the hours expended by Defendant. That argument is based on the time records submitted by Defendant's counsel in connection with its Motion to recover attorney fees following the Court's November 22, 2005 Order granting Defendant's motion for summary judgment.[3] Valley View also contends that much of the time expended was caused by Defendant's litigation conduct, complaining that Valley View was "obliged to contend with numerous legal issues" raised by Defendant; Valley View implies that Defendant engaged in an overly zealous defense.

The Tenth Circuit has recognized that the hours expended by a party's attorney may, in some cases, be increased by the necessity of responding to the opposing party's litigation conduct. *See Robinson,* 160 F. 3d at 1284 (reasonableness of hours may be affected by "the responses necessitated by the maneuvering of the other side.") As Defendant points out, however, "evidence of hours expended by defense counsel is not, of course, an immutable yardstick of reasonableness" in the evaluation of a plaintiff's fee request. *Robinson,* 160 F. 3d at 1284.

In this case, the Court does not regard the number of hours expended by Defendant's counsel as a significant factor in determining the reasonableness of Valley View's requested fee. The Court

---

[3]Although the parties fully briefed Defendant's motion for attorney fees, the Court did not rule on the motion. The ruling was deferred pending the Tenth Circuit decision on appeal. *See* April 28, 2006 Order [Doc. No. 129]. The Circuit's decision rendered Defendant's fee request moot.

4

does not agree with counsel's implication that Defendant caused the case to become overly complicated. In fact, throughout this litigation, the parties vigorously pursued their respective arguments and positions, as evidenced in part by the number of motions filed by Plaintiffs and Defendant, the extensive discovery, and the trial itself. While the lawsuit involved a number of legal issues, the Court does not find that either Valley View or Defendant can contend that the complications were the fault of the opposing counsel.

   2. Whether Valley View may recover fees related to its appeal of the 2005 summary judgment ruling.

Valley View's records reflect 99 hours of work performed by Wes Johnston and 5 hours performed by Kenneth Johnston in connection with Plaintiffs' appeal of the Court's November 2005 summary judgment order. Defendant argues that the resulting total of $18,575.00 attributable to that work must be deducted because Plaintiffs did not seek an appeal-related fee from the Tenth Circuit.

The Court's November 2005 order granting Defendant's summary judgment order did not address the substance of the claims of Valley View or Culpepper; instead, it concluded that Valley View's federal claims were precluded by the doctrines of claim and issue preclusion. That decision was reversed on appeal; however, the Circuit did not address the merits of Valley View's damages claims. The case was remanded to this Court, proceeded through pretrial, and was ultimately the subject of a jury verdict.

 Valley View concedes that it did not file with the Tenth Circuit a motion for recovery of attorney fees incurred in connection with the appeal. It contends that it could not do so because, although the appeal was decided in its favor, Valley View had not yet been adjudicated a prevailing party and thus could not seek a fee award.

Defendant contends that this Court lacks jurisdiction to award Plaintiffs any fees related to

5

the appeal, relying on *Hoyt v. Robson Companies, Inc.*, 11 F. 3d 983 (10th Cir. 1993). In *Hoyt*, the Circuit held that, absent an explicit statutory provision, " in order for us to properly exercise our discretion, an application for appeal-related attorneys' fees must first be made to our court. Should we decide that it is appropriate to award such fees, we may then remand to the district court to determine an award of reasonable fees." 11 F. 3d at 985. In *Hoyt*, the plaintiff had prevailed on her claims at trial, and was awarded attorney fees as the prevailing party; the defendant appealed, and the trial court's decision was affirmed. The plaintiff did not file an attorney fee application in the appellate court; instead, she filed a motion in the district court, seeking additional fees related to the appeal. The district court denied the application; the Tenth Circuit affirmed, holding that the district court "did not have jurisdiction to award appeal-related attorneys' fees." 11 F. 3d at 985.

In this case, Valley View argues that *Hoyt* is distinguishable because the plaintiff there had been adjudicated a prevailing party prior to her successful defense of the appeal. In contrast, Valley View did not yet have prevailing party status when the appeal in this case was adjudicated.

The Tenth Circuit recently considered the application of *Hoyt* to attorney fees applications involving interlocutory appeals. *Crumpacker v. Kansas Dept. of Human Resources*, 474 F. 3d 747 (10th Cir. 2007). The Circuit held that, where a party successfully seeks interlocutory appellate review of a trial court decision and is later adjudicated the prevailing party, it may seek appeal-related fees in the district court, subject to review by the Circuit:

> [P]arties who prevail on interlocutory review in this court, and who subsequently become prevailing parties...at the conclusion of merits proceedings, are implicitly

> entitled to reasonable attorneys' fees related to the interlocutory appeal. <u>The precise amount of these fees may be determined in the first instance by the district court considering trial-related fees in accordance with our longstanding practice</u>. *Whittington v. Nordam Group, Inc.*, 429 F. 3d 986, 1001-02 (10th Cir.2005) (citing *Hoyt*, 11 F. 3d at 985). Any dispute as to the propriety or amount of fees related to an interlocutory appeal determined by the district court can be resolved on appeal to this court. Furthermore, because appeal-related fees are issued at the discretion of this court, our review of such fees determined by the district court will be de novo.

*Crumpacker*, 474 F. 3d at 756 (emphasis added). Accordingly, consistent with the ruling in *Crumpacker*, the Court concludes that Valley View's request for fees related to the appeal may be considered by the Court. The Court has reviewed the total hours expended in connection with the appeal, and finds the same to be reasonable and necessary. Therefore, the hours will be included in calculating the lodestar fee.

<u>3. Whether total compensable hours should be reduced because of duplicative work.</u>

Defendant also argues that the records submitted by Valley View reflect a duplication in the time expended by Wes Johnston and Kenneth Johnston. Defendant contends that, of the 114 total hours included in the time records for Kenneth Johnston, 104.25 hours were duplicative because they were expended on tasks in which Wes Johnston was also engaged. Defendant argues the time expended by both attorneys on the same work is not compensable; it seeks a deduction of the hours attributable to Kenneth Johnston's work and a resulting $26,062.50 deduction from the lodestar fee calculation.

As Defendant acknowledges, the Tenth Circuit does not require an automatic reduction in fees where a party is represented by more than one attorney. It has, however, advised district courts to "give particular attention to the possibility of duplication." *New Mexico Citizens for Clean Air & Water v. Espanola Mercantile Co., Inc.*, 72 F. 3d 830, 835 (10th Cir. 1996); *see also Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983)(overruled on other grounds by *Pennsylvania v. Delaware*

> entitled to reasonable attorneys' fees related to the interlocutory appeal. <u>The precise amount of these fees may be determined in the first instance by the district court considering trial-related fees in accordance with our longstanding practice</u>. *Whittington v. Nordam Group, Inc.*, 429 F. 3d 986, 1001-02 (10th Cir.2005) (citing *Hoyt*, 11 F. 3d at 985). Any dispute as to the propriety or amount of fees related to an interlocutory appeal determined by the district court can be resolved on appeal to this court. Furthermore, because appeal-related fees are issued at the discretion of this court, our review of such fees determined by the district court will be de novo.

*Crumpacker*, 474 F. 3d at 756 (emphasis added). Accordingly, consistent with the ruling in *Crumpacker*, the Court concludes that Valley View's request for fees related to the appeal may be considered by the Court. The Court has reviewed the total hours expended in connection with the appeal, and finds the same to be reasonable and necessary. Therefore, the hours will be included in calculating the lodestar fee.

<u>3. Whether total compensable hours should be reduced because of duplicative work.</u>

Defendant also argues that the records submitted by Valley View reflect a duplication in the time expended by Wes Johnston and Kenneth Johnston. Defendant contends that, of the 114 total hours included in the time records for Kenneth Johnston, 104.25 hours were duplicative because they were expended on tasks in which Wes Johnston was also engaged. Defendant argues the time expended by both attorneys on the same work is not compensable; it seeks a deduction of the hours attributable to Kenneth Johnston's work and a resulting $26,062.50 deduction from the lodestar fee calculation.

As Defendant acknowledges, the Tenth Circuit does not require an automatic reduction in fees where a party is represented by more than one attorney. It has, however, advised district courts to "give particular attention to the possibility of duplication." *New Mexico Citizens for Clean Air & Water v. Espanola Mercantile Co., Inc.*, 72 F. 3d 830, 835 (10th Cir. 1996); *see also Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983)(overruled on other grounds by *Pennsylvania v. Delaware*

*Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987)). The fee applicant has the burden of justifying the presence of more than one attorney at client conferences, depositions, hearings, or trial. *Ramos*, 713 F.2d at 554.

Defendant contends that, although Kenneth Johnston's time entries reflect his attendance at client and expert witness conferences, depositions, the *Daubert* hearing, and trial, he was not an active participant and did not perform legal services on these occasions. Absent Valley View's justification for the resulting duplicative effort, Defendant contends the fees must be reduced accordingly. Valley View argues that the fees attributable to Kenneth Johnston are not duplicative because he was directly and actively involved in the work reported as billable on the time records.

The Court agrees with Valley View. That Kenneth Johnston did not question a deponent or examine a witness at a hearing or trial does not, in the Court's opinion, necessarily mean that his time is not compensable. During the trial of this matter, for example, he presented Plaintiffs' argument in opposition to Defendant's motions for judgment as a matter of law; he also actively participated in jury instruction conferences, and presented argument to the Court regarding the final instructions. The Court had an opportunity to observe his involvement throughout these proceedings and at trial, and concludes that he was performing legal services. The Court finds the work he performed in this regard is not duplicative. The hours reflecting Kenneth Johnston's services will be included in the total calculation of hours reasonably incurred.

<u>4. Whether fees related to correcting errors in expert testimony may be recovered.</u>

Defendant next contends that the billing records reflect that Wes Johnston spent 49 hours in dealing with the errors in the report of Valley View's expert witness, Jerry Black. Defendant

8

contends that, because the errors requiring correction were attributable to Valley View's own witness, it should not be compensated for time expended in dealing with the error and in preparing another witness in an attempt to overcome the errors. In response, Valley View states this argument might be persuasive if it were seeking recovery of expert witness fees, but contends it should not impact the recovery of attorney fees.

The parties do not cite legal authority in support of their respective positions. The Court has located no authority directly applicable to the arguments. The Court agrees with counsel for Valley View that, where expert witnesses reports contain errors, the attorney must necessarily take steps to correct or counter the impact of such errors. Thus, reasonable time incurred in such endeavors may be included in calculating the lodestar fee. However, the Court agrees with Defendant that 49 hours is an excessive amount of time for this purpose. The Court concludes that 24 hours is a reasonable amount of time under the circumstances; accordingly, 25 hours is deducted from the total work included in this category; the resulting fee is reduced by $4,375.00.

<u>5. Whether hours incurred in connection with six site visits may be included.</u>

Defendant also asks the Court to exclude from the total compensable hours the 23 hours reported by Wes Johnston in connection with six visits to the site of the pipeline leak. As Defendant correctly notes, the Court expressed concern about counsel's activities in connection with those visits, as his presence bordered on making him a witness in this case. Valley View responds that, because photographs of the site were important evidence at trial, the fact that Wes Johnston was present when the photographs were taken "greatly assisted in the accurate and efficient presentation of this evidence to the jury." Reply Brief, p. 5.

Although an attorney's inspection of the site is not unreasonable and may, in fact, be

necessary to the understanding of his client's claim, the Court agrees with Defendant that the site visits at issue, and the resulting total hours, exceed a reasonable number in this case. Furthermore, as Defendant notes, counsel's conduct and involvement in the site visits caused concern for the Court. The Court concludes that the hours reported should be reduced by one-half, resulting in a fee deduction of $2,012.50.

6. Whether hours expended in conferences with the Oklahoma Corporation Commission are compensable.

Defendant contends that the 17.75 hours spent by Wes Johnston meeting with Oklahoma Corporation Commission personnel must be excluded as unnecessary. The challenged services are described as reviewing and commenting on remediation plans submitted to the Commission. Defendant correctly notes that, when Defendant included such services in its previous motion for attorney fees, Valley View's counsel objected on the grounds that such time had "nothing to do with the actual legal work performed in this case." Plaintiffs' Objection to Defendant's Motion for Attorney Fees [Doc. No. 109], at pp. 8-9.

Valley View does not mention its prior objection to the recovery of fees attributable to Defendant's involvement in such conferences. Instead, it suggests that Defendant listed the documents as exhibits and that the conferences were with persons listed as witnesses.

The Court agrees with Defendant that Valley View has failed to justify the reasonableness of the time reported. Furthermore, it previously objected to the recovery of fees based on similar, if not identical, work performed by opposing counsel. The Court concludes that the 17.75 hours expended by Wes Johnston should be excluded from the hours reasonably incurred in this matter, resulting in a deduction of $3,106.25 from the lodestar fee.

7. Whether the fees attributable to work performed by John Graves are compensable.

10

Defendant next argues that 22.5 hours of work performed by John Graves at a rate of $125.00 per hour must be excluded as excessive and unreasonable. The hours were incurred in preparing deposition summaries for four witnesses, including two expert witnesses. Defendant contends that too much time was spent in performing this work.

The Court disagrees. As counsel for Valley View argues in response, the hourly rate of this associate attorney is significantly lower than that of the other counsel in this case. As a result, the fact that more hours were expended on these tasks than might have been required of a more experienced attorney does not significantly impact the total requested fee based on hourly rates. Furthermore, the work performed involved reviewing and summarizing expert witness depositions containing technical information. While the time incurred might not be reasonable if only lay witness depositions were summarized, the Court finds it reasonable under the circumstances. Because the work performed was reasonable and necessary, no deduction is warranted.

8. Whether time expended in preparing a summary judgment motion on the issue of liability is compensable.

Defendant also notes that Wes Johnston reported 24 hours in connection with filing a motion for summary judgment on the issue of liability. Defendant argues this work is not compensable because liability was admitted, and the motion was unnecessary. In response, Valley View argues that Defendant's admission of liability was not clear, and the Court was required to rule on the motion.

That the Court ruled on a pending motion does not mean that the time expended in preparing and filing the motion was reasonable or necessary. Furthermore, the Order expressly concluded that, because Defendant had admitted its liability, Plaintiffs' motion as to that issue was moot. *See* April 25, 2008 Order [Doc. No. 170] at p. 3. To that extent, the motion was unnecessary, and Valley View

may not recover fees attributable to the unnecessary work.

However, Plaintiffs' motion was not limited to the issue of liability, as they also sought judgment on the affirmative defenses asserted by Defendant. Although that motion was denied, the Court did not find the motion moot or otherwise unnecessary. Accordingly, a portion of the work performed in connection with the motion was reasonable. A review of the time records reflects that the time expended on the separate issues raised by the motion cannot be ascertained. However, the brief filed by Plaintiffs [Doc. No. 47] devotes approximately 15 of the total 25 pages to the issue of Defendant's liability. Accordingly, the Court concludes that at least one-half of the hours expended in preparing that brief were unnecessarily devoted to the issue of liability. The Court concludes that the hours incurred should be reduced by one-half. As a result, the total fees for these services should be reduced by $2,100.00.

9. Whether the total hours incurred must be reduced because they reflect services for both Valley View and Culpepper.

Defendant also contends that the time records submitted by counsel do not exclude hours incurred on behalf of Culpepper. Because the parties agree that attorney fees are not recoverable on Culpepper's claim, Defendant argues that the fee request must be reduced on that basis.

As Defendant argues, where multiple clients are represented but only one is entitled to recover an attorney fee, their counsel has the burden of proving that the requested fee is attributable only to the work performed on behalf of the party entitled to a fee. *See SELRAHC v. Burruss*, 233 F. App'x 819 (10th Cir. 2007) (unpublished opinion) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *see also Sisney v. Smalley*, 690 P. 2d 1048 (Okla. 1984). Defendant also notes that, when objecting to Defendant's 2006 request for recovery of attorney fees, Plaintiffs argued that the fee request should be reduced by 50% "in recognition of Culpepper's non-fee bearing claim." Plaintiffs'

Objection to Defendant's Motion for Attorney Fees [Doc. No.109], at p. 8.

Valley View's counsel states that, to the extent possible, it has deleted from its records the time involving services related only to Culpepper's claim. However, it concedes that there may be some entries which arguably include such services; it suggests that a five percent deduction is sufficient to omit time devoted to Culpepper's claims.

The billing records in this case include entries reflecting conferences with Culpepper or "client," and those could be interpreted as reflecting work performed in connection with Culpepper's claim. However, this work could also easily be interpreted as involving only Valley View's claim because Culpepper is the president and sole shareholder of Valley View. Consequently, it is logical that conferences with him could have involved only Valley View's claims.

Although counsel for Valley View represents that it attempted to delete time entries attributable to Culpepper's claim, it concedes some entries could reflect time expended on both clients' claims. The Court agrees with Valley View that a deduction of five percent of the total hours reported is sufficient to exclude non-compensable time from its total request. Accordingly, the total hourly fee which the Court has calculated will be reduced by an additional five percent.

C. Calculation of the "lodestar" amount.

Based on the foregoing, the Court concludes that the resulting lodestar amount representing a reasonable fee is $167,418.75. Because Valley View agrees that this amount should be reduced by five percent to exclude legal services related only to Culpepper's non-fee bearing claim, an additional $8,370.94 is deducted. The resulting lodestar fee is $159,047.81.This amount is, of course, subject to the Court's ruling regarding the enhancement requested by Valley View, including

but not limited to the Court's analysis of the reasonableness of this amount in comparison to the amount recovered.

D. Whether an enhancement is warranted in this case:

Having determined the lodestar amount, the Court must next consider Valley View's request that the fee be enhanced. Consideration of that request involves an examination of the following factors: 1) the time and labor required; 2) the novelty and difficulty of the questions in the case; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Burk*, 598 P. 2d at 661.

Valley View does not argue that all factors are present in this case. It seeks an enhancement based on the time and labor required of counsel, the novelty and difficulty of the questions presented, the skill required to perform the legal services, the preclusion of other employment, and the amount involved and the results obtained. Valley View asks the Court to include in its fee award a bonus of 20 percent of the lodestar fee. Defendant, of course, argues that no enhancement is proper and that Valley View's fee must be limited to the lodestar amount as determined by the Court.

The Court has considered the parties' arguments in light of the history of this case and the record. Because the case remained pending for a considerable time period, the time expended was significant. However, much of the duration of this case was attributable to the period in which the

appeal was pending. After remand and prior to trial, numerous pre-appeal motions remained pending and required rulings by the Court. The parties also engaged in extensive discovery, including preparation of expert witnesses, presentation of *Daubert* motions, and other pretrial efforts. The Court does not, however, find that the time and effort required of the attorneys was more than would be expected in a case of this type. In such cases, the Court anticipates technical evidence and expert testimony as well as the assertion of numerous claims and defenses. The Court does not find that an enhancement is appropriate in this case based on this factor.

Nor does the Court find that the case involved novel and difficult questions which Valley View's counsel was not prepared to litigate. The Court is aware that counsel for Valley View have extensive experience in oil and gas litigation as well as property damage claims. Given their level of experience, the Court does not find that the fee should be enhanced on this basis.

With respect to the skill required to perform the legal services on behalf of Valley View, the Court acknowledges that technical issues were presented by expert witnesses and that counsel for both parties demonstrated skill in dealing with these issues. However, the Court also finds that, given the experience of Valley View's lawyers, they are accustomed to dealing with similar issues and were not required to expend additional effort to develop specialized skills in this case. The Court finds that an enhancement is not warranted on this basis.

Valley View also seeks an enhancement because, given the time expended in this case, its counsel necessarily had to forego other employment opportunities. Although this factor is recognized as warranting consideration under *Burk*, Valley View's counsel present no evidence to support its application here. Although this case remained pending for several years, the time period in which Valley View's appeal was pending did not require counsel's active work in this case. In

<pre>
</pre>

addition, the fact that two attorneys in the same law firm represented Valley View suggests that either attorney could have performed work in other cases or for other clients. The Court does not find an enhancement warranted on this basis.

Finally, Valley View contends that a comparison of the amount involved and the results obtained warrants an enhancement of its fee. In support of that contention, Valley View focuses on the settlement offer made by Defendant prior to trial for both Plaintiffs' claims; because that amount was less than Valley View's damage award, it argues that an enhancement is proper.

Defendant argues that the Court should not consider a settlement offer in comparing the amount involved and the results obtained in this case. Instead, it contends the Court must consider Valley View's claim for damages; in this case, Valley View's counsel asked the jury to award it $450,000.00, and the jury awarded it $131,500.00. As Defendant states, this amount was less than 30 percent of Valley View's claimed damages.

The Court does not find persuasive Valley View's contention that a settlement offer should be utilized to compare the amount of damages involved with the amount actually recovered. The Court agrees with Defendant that the amount which Valley View sought in damages should be compared to the amount the jury awarded. *See Arkoma Gas Co. v. Otis Eng'r Corp.*, 849 P. 2d 392,
394 (Okla. 1993) (citing *Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.*, 737 P.2d 1186 (Okla. 1987)). The Court does not agree, however, that Valley View's lodestar fee award should be further reduced on this basis. The Court concludes that the previous reductions applied to arrive at a reasonable fee based on the hourly rates multiplied by the hours reasonably incurred are sufficient.

Defendant also suggests that, before ruling on the motion, the Court should require Valley View to submit its fee contract. Defendant states that it believes counsel's representation was based on a contingency contract and that the Court should examine the same. In response, Valley View acknowledges the existence of a contingency fee arrangement, but contends that should have no impact on the Court's ruling. As Valley View notes, the fact that a contingency fee is involved does not preclude the application of the lodestar analysis. *Finnell*, 67 P.3d at 347. Nor does a contingency contract impose a ceiling on the award of attorney fees. *Blanchard v. Bergeron,* 489 U.S. 87, 92 (1989). The Court concludes that the contingency agreement does not impact its decision, and will not require Valley View to submit the same.

Defendant also requests an opportunity for "adversary submissions" pursuant to Fed. R. Civ. P. 54(d)(2)(C) prior to determining a reasonable fee. Defendant does not, however, describe the additional submission it seeks to provide. The Court concludes that it has adequate evidence to permit a ruling on the reasonable attorney fee which may be awarded to Valley View. Furthermore, although an evidentiary hearing regarding an attorney fee request is often preferable, it is not required. *See Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F. 3d 762, 774 (10th Cir. 1999) (citations omitted). Where, as here, the Court has sufficient knowledge to make a decision based on its experience with the case, the evidence before it, and the briefs and affidavits of the parties, a hearing is not mandated. *Id.* The Court concludes that neither additional submissions nor an evidentiary hearing would assist it in determining the fair and reasonable fee to be awarded to Valley View.

III. Conclusion:

For the foregoing reasons, Valley View's Motion for Award of Attorney Fees [Doc. No. 212] is GRANTED. Valley View is entitled to an award of $159,047.81 as its reasonable attorney fee in this matter.

IT IS SO ORDERED this  28th   day of August, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE